IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHAKEYIA D. JOYNER**     **PETITIONER**

v.     **No. 3:19CV271-NBB-JMV**

**STATE OF MISSISSIPPI**     **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Shakeyia Joyner for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Ms. Joyner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Shakeyia D. Joyner is in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. On December 13, 2017, she pled guilty to one count of armed robbery under the holding in *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) in Cause No. 2016-0610CWD in the Circuit Court of DeSoto County, Mississippi. Exhibit A[1] (Petition to Enter Plea of Guilty). On January 3, 2018, the DeSoto County Circuit Court sentenced Ms. Joyner to serve ten (10) years in the custody of the MDOC, and upon release, ten (10) years of post-release supervision ("PRS") with five (5) years reporting and five (5) years of supervision. Exhibit B (Sentencing Order).

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion to Dismiss.

On December 4, 2019, Mr. Joyner filed a *pro se* Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254, which was stamped as "filed" by this Court on December 4, 2019. ECF doc. 1.[2]

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Shakeyia Joyner pled guilty to armed robbery on December 13, 2017, and on January 3, 2018, the DeSoto County Circuit Court entered its sentencing order. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. As such, Ms. Joyner's conviction became final on January 3, 2018, the date on which the circuit court sentenced Joyner on her guilty plea. *See*

---

[2] Ms. Joyner did not date the instant Petition; however, the date on the envelope as received by the Clerk of this Court is December 4, 2019.

*Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Hence, Ms. Joyner's deadline to seek federal *habeas corpus* relief became January 3, 2019. The DeSoto County Circuit Court's electronic records reflect that Ms. Joyner has filed no post-conviction motions in that court. Likewise, the docket of the Mississippi Supreme Court shows that Ms. Joyner has filed no appeals or other post-conviction motions in that court. Thus, Ms. Joyner does not enjoy statutory tolling as set forth in 28 U.S.C. § 2244(d)(2). As such, Ms. Joyner's federal *habeas corpus* deadline remained January 3, 2019.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 1, 2019[3], and the date it was received and stamped as "filed" in the district court on December 4, 2019. The instant petition was thus nearly eleven months after the January 3, 2019, filing deadline.

## Equitable Tolling

Ms. Joyner is not entitled to equitable tolling. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to

---

[3] The court gives Ms. Joyner the benefit of the standard three days to account for time the petition took to travel in the mail.

equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)

It appears that Ms. Joyner may be arguing that equitable tolling applies to her because she is allegedly mentally disabled – and thus incompetent to plead guilty or otherwise be held criminally liable for her behavior. To be entitled to equitable tolling, a petitioner must make both a threshold showing of incompetence – *and* show that the incompetence affected her ability to file a timely petition for a writ of *habeas corpus*. *Jones v. Stephens*, 541 Fed.App'x. 499 (5th Cir. 2013). Though Ms. Joyner states that she is intellectually disabled, she does not explain how her alleged disability

- 4 -

adversely impacted her guilty plea. ECF doc. 1, p. 16. In addition, transcripts from both the Guilty Plea hearing and Sentencing do not show that she was disabled at the time of her plea; the trial judge specifically found:

> You appear to understand your rights. You intelligently admitted all the facts necessary for the offense. You've asserted no facts that if were true would constitute a defense to the allegations in the petition. You've been fully advised of your rights and understand that consequences of admitting. You are represented by Counsel. The Court has jurisdiction. I will accept your admission. I detect no mental or emotional illness. You have petitioned the Court in your own handwriting asking that I accept your plea of guilty. I will, therefore, accept your plea of guilty to armed robbery.

*See* Exhibits C and D (*State of Mississippi v. Shakeyia Joyner*, In the Circuit Court of DeSoto County, Mississippi, Cause No. CR-2016-610-CWD; Plea Transcript and Sentence Transcript).

Ms. Joyner also seems to argue that she is actually innocent of the armed robbery based upon a letter from another inmate claiming to have committed the crime. The Supreme Court has yet to definitively resolve whether there is a federal Constitutional right to be released upon proof of actual innocence. § 6:17. Freestanding claim of actual innocence, Postconviction Remedies. As Chief Justice Roberts noted,

> Whether such a federal right exists is an open question. We have struggled with it over the years, in some cases assuming, *arguendo,* that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet. *House[v. Bell],* 547 U.S., at 554–555, 126 S.Ct. 2064; *Herrera [v. Collins],* 506 U.S., at 398–417, 113 S.Ct. 853; see also *id.,* at 419–421, 113 S.Ct. 853 (O'Connor, J., concurring); *id.,* at 427–428, 113 S.Ct. 853 (Scalia, J., concurring); Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L.Rev. 142, 159, n. 87 (1970).

*Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71–72, 129 S. Ct. 2308, 2321, 174 L. Ed. 2d 38 (2009). The Supreme Court has since held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

To state a valid claim of actual innocence, a petitioner bears the burden of persuasion to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond reasonable doubt." *Id*. at 386.

The evidence upon which Ms. Joyner relies is a letter purporting to be from Ms. Samia Reed, who was in pretrial detention facing first degree murder charges at the time she drafted the letter. Doc. 3 at 25-28. Ms. Reed states in the letter that she participated in the robbery for which Ms. Joyner was convicted – and that Ms. Joyner was not involved. *Id.* The State's summary of the proof it would offer during the change of plea, however, tends to show that Ms. Joyner was involved.

One victim of the robbery stated that he knew Ms. Joyner through an acquaintance, Larry Joyner. Doc. 28-3 at 14-16. He also stated that Ms. Joyner had previously stolen checks from him and attempted to cash them. *Id*. Another victim of the robbery identified Shakeyia Joyner in a photo lineup as one of the perpetrators. *Id.* at 15. Ms. Joyner owned a four-door white vehicle – which matched the description of the vehicle used the flee the scene. *Id*. The uncorroborated letter of an inmate simply cannot overcome the evidence of Ms. Joyner's guilt such that, "in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond reasonable doubt" – especially in light of her guilty plea. *McQuiggin, supra,* at 386. For these reasons, Ms. Joyner has not met the elements to establish that she is actually innocent of the crime of her conviction – and thus entitled to equitable tolling. As such, her petition for a writ of *habeas corpus* is untimely filed.

## Conclusion

For the foregoing reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of May, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE